UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRANDIE TYWON WHITE,

        Plaintiff,

        v.                                         Case No. 24-cv-1060-bhl

CITY OF MILWAUKEE, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Brandie Tywon White, who is currently serving a state prison sentence at the Oakhill Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on White's motion for leave to proceed without prepayment of the filing fee and to screen the complaint.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

White has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). White has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $19.57. Therefore, the Court will grant White's motion for leave to proceed without prepayment of the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

White is an inmate at the Oakhill Correctional Institution. Dkt. No. 1. Defendants are the City of Milwaukee, Milwaukee County, and Willie Lot (a private citizen). *Id*. In May 2022, White was arrested and charged twice with shooting Lot. *Id*. at 3-4. Following the shooting, White told Detective Adrian Harris (not a defendant) that he had an alibi at the time of the shooting —he was in state custody on a DUI—but Detective Harris, along with Assistant District Attorney Grace Gall (not a defendant), still investigated and charged White twice with "crimes [he] did NOT commit." *Id*. at 3. During the investigation, Lot allegedly lied to police and told them that he did not know who shot him. *Id*. at 4. At trial, Lot allegedly committed perjury by saying that White had shot him and claiming that he had no contact with Ariel Todd within the past two years. *Id*. Detective Harris and ADA Gall allegedly violated numerous state laws during their criminal investigation and prosecution, including allegedly destroying video of White's first interrogation, charging him with a crime without any credible evidence, and lying throughout the trial. *Id*. at 3-7. White was later found "not guilty" of the shooting by a jury. *Id*. For relief, he seeks monetary damages. *Id*. at 7.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

The Court will dismiss this case based on failure to state a claim. First, Lot (a private citizen) is not a "state actor" for purposes of Section 1983. *See West v. Atkins*, 487 U.S. 42, 49 (1988). Moreover, witnesses are absolutely immune from civil liability for testimony—even false testimony—provided in judicial proceedings. *See Briscoe v. LaHue*, 460 U.S. 325, 326 (1983). White has no federal claims against Lot.

Second, White's claims against the City of Milwaukee and Milwaukee County fail because he has not identified any "policy or custom" of the City or County that resulted in the violation of his constitutional rights. *Monell v. Department of Social Services,* 436 U.S. 658, 694 (1978). In fact, White does not mention the County or City anywhere in the complaint. Instead, his main grievance appears to be that Detective Harris (not a defendant) and ADA Gall (not a defendant) allegedly violated the "Fourteenth Amendment" and various state laws: Wis. Stat. § 971.10(2)(a) (speedy trial), Wis. Stat. § 946.12)(1) (misconduct in public office), Wis. Stat. § 971.23 (discovery & inspection), Wis. Stat. § 946.31 (perjury), Wis. Stat. § 946.32 (false swearing), Wis. Stat. § 895.044(1)(a)(b) (damages from maintaining certain claims & counter claims), Wis. Stat. § 895.945(2) (contributory negligence), Wis. Stat. § 942.01 (Defamation), Wis. Stat. § 893.53 (action for injury to character), Wis. Stat. § 895.95.443 (emotional distress), Wis. Stat. § 893.57 (intentional tort), Wis. Stat. § 895.95.043(3) (punitive damages). Dkt. No. 1 at 3-6. None of these allegations support claims against the defendants he has named.

White does not have any Fourteenth Amendment due process claims in connection with the allegations in the complaint. A state's failure to follow, or erroneous application of, its own laws does not violate the due process clause of the Fourteenth Amendment. *Davis v. Scherer*, 468 U.S. 183, 194–96 (1984); *Wells v. Caudill*, 967 F.3d 598, 602 (7th Cir. 2020) ("For one of the best-established propositions in federal constitutional law is that an error of state law is not

4

properly rectified by deeming that error a constitutional tort."). There is also no Fourteenth Amendment due process claim for malicious prosecution. *Baldwin v. Raemisch,* 788 F. App'x 390, 393 (7th Cir. 2019) ("[Plaintiff] next contends that the district court erred by construing his "malicious prosecution" claim as one arising under state law instead of the Fourteenth Amendment. There is no such claim under the Due Process Clause, however."); *see Cannon v. Newport*, 850 F.3d 303, 306 (7th Cir. 2017) ("[Plaintiff's] claim of malicious prosecution of the drug charge, a charge eliminated by his acquittal in 2011 and thus accruing in that year, would be litigable as a constitutional claim only if there were no adequate state tort remedy, but Wisconsin law provides such a remedy."). If White wishes to pursue claims based on these alleged violations of state law, including the tort of malicious prosecution, he should file that lawsuit in Wisconsin state court. *See Baldwin,* 788 F. App'x at 393. But no amendment to the complaint can state a federal claim under the Fourteenth Amendment, so the Court will dismiss this case based on failure to state a claim upon which relief can be granted. *See Boyd v. Bellin*, 835 F. App'x 886, 889 (7th Cir. 2021) (noting that the Court need not provide an opportunity to amend when amendment would be futile).

## CONCLUSION

**IT IS THEREFORE ORDERED** that White's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of White shall collect from his institution trust account the **$310.43** balance of the filing fee by collecting monthly payments from White's prison trust account in an amount equal to 20% of the preceding month's income credited to White's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If White is transferred to another institution, the transferring institution shall forward a copy of this Order along with White's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where White is confined.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin on October 1, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.